ADAMS, J.
—The relator and the appellant Sutherland were opposing candidates for the office of president of the village of Castile, at the annual charter election held in that village upon the 17th of March, 1896, and the remaining appellants were the duly-appointed inspectors of that election; the appellant Smith being also clerk of the village. Upon a canvass of the ballots cast at such election, the inspectors rejected 25 from the count, in consequence of which the appellant Sutherland was declared elected by a majority of six votes. These ballots appear to have been rejected by reason of the fact that they were marked with a cross placed at the left of the relator’s name, but not within the rectangular space which was provided for that purpose. Upon the 3d day of April following the election, the relator obtained an alternative writ of mandamus, which was served the following day, and which, in terms, required a recanvass of the votes in manner prescribed by law, and to this writ the appellants made a return of compliance. Upon application of the relator, showing that upon the recanvass 18 votes were rejected upon the ground that the electors’ choice could not be ascertained therefrom, and claiming that, as a matter of fact, the choice of such electors was clearly manifested thereby, an order to show cause in contempt proceedings was duly granted, upon the return of which the order appealed from was made, which adjudged the defendants guilt of contempt of court, and imposed upon them a fine of $10 therefor.
It is provided by section 104 of chapter 810 of the Laws of 1895, known as the “Election Law ” of this state, that the voter, in order to designate upon the official ballot the candidate of his choice, shall “ make a cross (X) mark on the left of and opposite the name of each and every candidate of such party in the blank space provided therefor. ” It is also provided by section 81 of the same act that there shall be attached to the ballot upon which the voter is make his choice of candidates a stub, upon the face of which shall be printed, in brevier capital letters, the following direction, viz. : “Any mark or erasure on this ballot, except as above indicated, makes this ballot void and it cannot be counted. Use only a pencil having black lead.” And it is contended by the appellants that this direction was to be treated as though it were a part of the statute itself, and mandatory in its character, while, upon the other hand, it was urged that the departure in this instance from a strict compliance with the direction upon the stub of the ballot was a mere technical error, which did not call for a rejection of the 18 ballots in question, and that the case was brought within the provision of section 104 of the election law, which reads as follows : “No ballot shall be rejected for any technical error which does not make it impossible to determine the voter’s choice. ” Without passing upon the question which is thus presented, we have reached the conclusion that the order appealed from must be reversed for another reason. It will be discovered by a careful reading of the order to show cause, which forms the basis of the order from which this appeal is taken, that the defendant Smith was directed to return the certified canvass of votes filed in this office to the board of inspectors for correction, and that such inspectors were required to *631 forthwith reconvene and recanvass the alleged defective ballots attached to such statement; that upon such recanvass they were to reject “only such ballots as the law declares void and not to be counted, and that they also, ordered not to reject any ballot for any technical error which does not make it impossible to determine the voter’s choice; that every such ballot cast shall be counted in the manner prescribed by law.” Thus, it will be seen that the whole manner of recanvassing these ballots was relegated to the inspectors •of election, with no specific direction as to how such recanvass was to be conducted, further than that they were to follow the language of the statute, thereby practically imposing upon them the duty of ■of giving construction to the statute itself. This duty manifestly ■called for the exercise of a judicial function, and in the absence of any bad faith, of which no charge is made, it is impossible for us to say that the inspectors have not exercised their best judgment -in. the matter. At all events, inasmuch as the order contained no .■specific directions other than such as were to be found in the statute, we fail to see why the appellants should be punished for contempt because their judgment was not in accord with that of the court which made the order appealed from. A proceeding for contempt is quasi criminal in its character, and we are clearly of ■the opinion that, before a party can be adjudged guilty of such an ■offense, the duty required of him, in such a case as the one under •consideration, should be made perfectly plain and specific. That, as we have seen, was not done in this case, in consequence of which we think that the order appealed from should be reversed, with $10 costs and disbursements.
Order reversed, with $10 costs and disbursements.
All concur.